In re RUSSELL TRANSFER,
INC. Debtor.

George I. VOGEL, II, Trustee, Plaintiff,

v.

BORDEN, INC., Successor to Beatrice
Foods, Co., et al., Defendants.

Bankruptcy No. 7–85–00365–BKC–HPR.
Adv. No. 7–88–0083.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Oct. 26, 1989.

Wilson, Vogel & Creasy, Roanoke, Va., for trustee, plaintiff.

Glenn, Flippin, Feldmann & Darby, Roanoke, Va., for defendants.

MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

The issues before the court are:

I. Whether the lease granted Russell Transfer, Inc., a right of way in the property of Borden, Inc.; and

II. Whether the trustee may exercise the option to purchase provided for in the lease.

The pertinent facts are as follows: In 1978, Bill Bumgarner, then president of Russell Transfer, Inc. ("Russell" or "Debtor") and James Woods, then plant manager of Beatrice Foods Co., the predecessor to Borden, Inc. ("Borden"), entered into negotiations about the lease of a tract of land south of an existing fence and adjacent to a tract of land where Beatrice Foods Co. ("Beatrice") operated a shipping and storage facility. The lease, at the suggestion of Beatrice representatives, became a "lease-purchase" with option provisions set forth therein.

On September 18, 1978, a lease-option was executed ("Lease"). The Lease provided to Russell the right to use and occupy a 2.7-acre tract of land for ten years with all rights of access to and from the property. The tract is described in a survey of record herein by Lumsden & Associates, which description is not disputed. The lease also granted to Russell the option to purchase the tract as of the expiration of the lease on July 30, 1988. The property is landlocked and is bounded on the north by "Borden" property, on the east by Roanoke City property and on the south and west by property formerly of the debtor used as a trucking terminal. Throughout the term of the lease, Russell gained access to the leased Beatrice property through the property it leased from Salem Service, Inc.

Russell filed its Chapter 11 petition in this court in 1985, which was converted to Chapter 7 in September, 1986. The plaintiff is the Chapter 7 trustee.

On March 30, 1987, this court, over Borden's objections, entered an order approving the assumption of the lease by the Trustee. The Trustee then notified Borden in writing of his intent to exercise an option to purchase the leased property. Borden has declined to convey the property and has denied that the Lease created a right of way through its property.

The entire Lease agreement, apart from the second sentence of the addendum, had been drafted by counsel for Beatrice. In relevant part, the lease provides:

LANDLORD does hereby lease, demise, and let unto TENANT, and TENANT hereby rents and hires from LANDLORD, that certain vacant parcel of property aggregating approximately 2.70 acres, more or less, bounded on the north by property of LANDLORD, on the south and west by property of Salem Service, Inc., and on the east by property owned by the City of Roanoke, at least to Hertz Corporation, in the City of Roanoke, County of Roanoke and State of Virginia.

TO HAVE AND TO HOLD unto TENANT, together with all appurtenaces thereto and therefrom, for and during a term often years, commencing August 1, 1978, and ending July 31, 1988.

. . . .

4. TENANT is hereby granted the right and option to purchase the leased premises for a total price of $25,000.00 as of the expiration of (as of July 31, 1988) the original term, or any renewal or extension term, upon 90 days' written notice to LANDLORD. LANDLORD shall convey the premises by warranty deed, subject only to current taxes and assessments, together with a title insurance policy in the amount of the purchase price issued by an established title insurance company acceptable to TENANT and showing good and marketable title vested in LANDLORD subject only to current taxes and assessments and to the usual printed exceptions appearing on title policies issued by paid title insurance company. (See additional Purchase Option note.)

An addendum to the Lease, the first sentence proposed and drafted by Beatrice and the second added at the request of Russell, provided:

It is understood and agreed, however, that the option to purchase the leased premises contained herein is personal to the TENANT, and is non-assignable without prior written consent of the herein named LANDLORD.

Consent of the LANDLORD shall not be unreasonably withheld in the event Tenant procures compatible, harmonious, or homogeneous assignee.

The first issue raised in the complaint is whether the option to purchase may be exercised by the trustee. Borden claims that the trustee has no authority to exercise the option because it is personal to Russell.

This court has permitted the Trustee to assume the unexpired lease and in fact Borden received rent checks from the trustee for over a year. This court finds that the purchase option in the lease was suggested by Beatrice and the language of the contract is not so restrictive as to prohibit the trustee from exercising the purchase option and make assignment to a compatible industry, especially in light of the fact that the property is located in an industrial complex and any sale by the trustee would necessarily conform to zoning rules and regulations governing such.

The trustee may assume executory contracts and unexpired leases of the debtor and in this right is limited only in the case of personal service and certain other contracts. *See* 11 U.S.C. § 365. The trustee's assumption of the lease in this case was proper.

This court notes that, as to the right-of-way issue, any ambiguity in a document is to be construed against the drafter. *See e.g., Graham v. Commonwealth,* 206 Va. 431, 143 S.E.2d 831 (1965). In addition, an ambiguity in the grant of an easement is construed against the grantor. *Hamlin v. Pandapas,* 197 Va. 659, 90 S.E.2d 829 (1956).

In the present case, all but one sentence of the lease was drafted by counsel for Beatrice. Thus, any ambiguity in the lease must be construed most strongly against Beatrice and most favorably to debtor.

The Lease granted to Russell "all appurtenances thereunto belonging and all rights of access thereto and therefrom" to the leased property. The meaning of access intends a right of way. In addition, *Blacks Law Dictionary,* Revised Fourth Edition, defines appurtenances as "something annexed to another thing more worthy as principal, and which passes as incident to it, as a right of way or other easement to land."

Clearly, the lease is void of any language showing that Beatrice did not intend to grant a right of way in the property. There is certainly language alluding to a right of way. If Beatrice did not intend a right of way, then counsel should not have included this ambiguous language in the Lease.

Borden and Meadow Gold Dairies, Inc., argue that a right of way did not exist. Here again the lease speaks of a right of way, and any ambiguity is to be construed against the drafter (Beatrice). Furthermore, evidence in the form of a survey by Mr. Lumsden as well as Mr. Bumgarner's testimony of an existing fence at the date of the execution of the lease, indicates that the strip of land with the existing definable right of way would be the logical and intended right of way. Based on this evidence, the court finds that there was and is a definable and existing right of way. An easement which is not limited by definite description is bound by the lines of reasonable enjoyment. *See* 6B *Michie's Juris.,* Easements § 24. Also the conveyance of property with easement in effect intends the reasonable and necessary use and enjoyment of the property for its purposes and use. *See Brown v. Haley,* 233 Va. 210, 355 S.E.2d 563 (1987).

Accordingly, an ORDER will be entered that the trustee complaint to exercise the option be GRANTED; that the right of way be a right of use for access; and that this right of way be located in accordance with the Lumsden survey.